UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CEDRIC D. RICE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case number 4:11cv0319 SNLJ |
| ) | TCM |
| JEFF NORMAN, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

Pending in this 28 U.S.C. § 2254 action is the motion of petitioner, Cedric D. Rice, for the appointment of counsel.

In his 141-page petition, Petitioner seeks habeas relief on 25 grounds from his aggregate sentence of 225 years. His petition articulately presents the facts relevant to his cogent legal arguments. Respondent has been ordered to show cause why relief should not be granted.

There is no constitutional or statutory right to appointment of counsel in habeas corpus proceedings, see **Morris v. Dormire**, 217 F.3d 556, 558 (8th Cir. 2000); "instead, [the appointment of counsel] is committed to the discretion of the trial court," **McCall v. Benson**, 114 F.3d 754, 756 (8th Cir. 1997). In considering whether to appoint counsel, the factual and legal complexity of the case and the petitioner's ability to investigate and articulate his claims should be considered. **Morris**, 217 F.3d at 558-59; **McCall**, 114 F.3d at 756; **Nachtigall v. Class**, 48 F.3d 1076, 1081-82 (8th Cir. 1995). Counsel must be appointed, however, if an evidentiary hearing is to be held. See Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts (mandating that counsel be appointed if an evidentiary hearing is to be held); accord **Armstrong v. Kemna**, 534 F.3d 857, 868 n.5 (8th Cir. 2008).

In the instant case, the issues articulately raised in the petition appear to be neither factually nor legally complex and to be capable of being resolved without an evidentiary hearing. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for appointment of counsel is **DENIED** without prejudice. [Doc. 4]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of March, 2011.